

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN R. WILLIAMS,

    Plaintiff,

vs.

CITY OF CICERO, A MUNICIPALITY,
DETECTIVE JOSEPH DeKIEL, STAR
NO. UNKNOWN, DETECTIVE FNU
PINEDA STAR NO.496, DETECTIVE
FNU CONTRERAS STAR NO. 472, and
DETECTIVE FNU KOZLOWSKI
STAR NO. 510,
    Jointly and Individually

    Defendants.

08CV1530
JUDGE KENDALL
MAG. JUDGE BROWN

Magistrate:

FILED
MAR 14 2008
Mar 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiff Juan R. Williams ("Plaintiff") by and through his attorney, Gwendolyn Dale Anderson, for his complaint against ("Defendants") Defendant City of Cicero, a municipality, Defendant Detective Joseph DeKiel, Star No Unknown, Defendant FNU Pineda Star No. 496, Defendant Detective FNU Contreras, Star No. 472 and Defendant FNU Kozlowski, Cicero Police Officers, jointly and severally,

### JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked pursuant to Title 28 USC Secs 1331, 1343(a)(3) and 1343(a)(4) and Title 43 USC Sec 1983(The Civil Rights Act) and

other related statutory law, and the Constitution of the United States of America.

2. Venue is proper in the District Court pursuant to Title 28 USC Sec. 1391.

**PARTIES**

3. Plaintiff Juan R. Williams is a male African American age thirty (30) years olds who resides at 1829 South Kildare Avenue in Chicago, Cook County, Illinois and he is a resident of the State of Illinois and a citizen of the United States of America. Plaintiff attended two years at the College of Du page and he is a carpenter by trade.. Plaintiff is an apprentice in the construction trade and a member of Chicago Regional Council of Carpenters.

4. Defendant City of Cicero, Illinois is a Municipality in the State of Illinois, and at all times relevant to the cause of action was acting under "color of law"

5. Detective Joseph DeKiel, Star No. Unknown is a white male, employed by the City of Cicero at the time of this cause of action as a Cicero Police Officer in the position as a detective. Defendant DeKeil is a resident of the state of Illinois and a citizen of the United States of America. At all times relevant to the incidents described in this complaint, Detective DeKiel was employed as a police officer for the city of Cicero and he was acting under "color of law" and within the scope of his employment as a police officer.

6. Detective FNU Contreras Star No. 472 is a Hispanic male, a resident of the State of Illinois and a citizen of the United States of America. At all time relevant to the incident complained of herein, Detective Contreras was a police officer for the City of Cicero and was acting under "color of law" and within the scope of his employment.

7. Detective FNU Kozlowski is a white male and a resident of the state of Illinois. He is a United States Citizen and at times relevant to the incident complained of Officer Kozlowski was employed as a police officer for the city of Cicero. Officer Kozlowski was acting under "color of state law "and within the scope of his employment.

## FACTUAL BACKGROUND

8 . On March 16, 2006 at approximately 12:30 p.m. plaintiff stopped his car ( a 2003 Pontiac vibe) at the 3100 block of Laramie Avenue in Cicerco, Illinois where he was subsequently arrested by Defendant Joseph DeKiel.

9. Prior to the above, as plaintiff was driving near the Hawthorne Race Track, he became aware that Defendant DeKiel was chasing his car and attempting to run plaintiff off the road. Plaintiff attempted to move away from defendant's car, but the defendant continued to try and run plaintiff off the road.

10. At the 3100 block of Laramie in Cicero, Illinois, plaintiff pulled his car off the road and the Defendant DeKiel pulled his vehicle over, jumped out of his car and pulled a gun on plaintiff, hand cupped the plaintiff and arrested him.

11. Defendant DeKiel used excessive force when arresting the plaintiff. The defendant hit the plaintiff about the head, neck and body.. Subsequent to the arrest, Defendants Pineda and Contreras were dispatched as back up for the arrest. The defendants searched plaintiff's car without a search warrant or "probable cause". As a result of the unlawful search, a weapon was seized from a brown paper bag. The ammunition was recovered from the trunk of the car.

12. Plaintiff was transported to the Cicero Police Station by Defendant Kozlowski where he was charged with unlawful use of a weapon and reckless driving..

13. On March 17, 2006, plaintiff appeared in bond court at the Maybrook Court House in the Circuit Court of Cook County, Illinois where bail was set at $5,000.00 plaintiff posted bond and was later released.

14 On March 21, 2006 a preliminary hearing was conducted and. Defendant DeKeil testified at that hearing. Defendant DeKeil testified under oath that the plaintiff was swerving his vehicle in an attempt to run DeKeil's car off the road. Defendant DeKiel also testified that he was present when he observed the handle of a weapon proturbing from a bag. recovered by the Defendant Contreras and Defendant Pineda.

15 At the conclusion of the preliminary hearing the court entered a finding of probable and the matter was continue April 14, 2006 for arraignment. On the foregoing date, the matter was assigned to the trial call of Judge Kemperman.

16. At the time of the unlawful search of the vehicle and seizure of the weapon, the defendants destroyed plaintiff's gun registration card and then charged plaintiff with unlawful use of a weapon and reckless driving. Plaintiff had a gun registration card from Du Page County and he was allowed to possess a weapon

17. On the above date of the arraigment the matter was assigned to Judge Kempman after the plaintiff entered a motion of substitute of judge.

18 On July 17, 2006, plaintiff filed a pre-trial motion to quash the arrest and suppress the evidence. In the interim period, Defendants Pineda and DeKiel were indicted in the United States District Court for the Northern District of Illinois for

violating the civil rights of black citizens and conspiracy.

19 as a result of the pending criminal charges against Defendant DeKeil, the case against plaintiff was Nolle Prosequi by the State of Illinois.

## COUNT ONE

### ( Title 42 USC. Sec. 1983-False Arrest)

20. On March 16, 2006, plaintiff was driving upon the public way at 3100 Laramie Avenue in Cerco, Illinois at approximately 12:30 p.m. when his car forced to stop by Defendant Dekiel.

21. After the stop of his vehicle, plaintiff was beaten, handicapped and subsequently arrested by defendant DeKiel, Defendant FNU Pineda, FNU Contreras and Defendant FNU Kozlowski and transported to the Cicero Police Station.

22. At the time of Plaintiff's arrest, Defendants Dekiel. Pineda, Contreras and Kozlowski did not have probable cause to belief that plainttiff had committed a crime or that the plaintiff was about to committed a crime. The defendants did not have an arrest warrant for the plaintiff nor a search warrant to search plaintiff's car.

23 The stop, subsequent detention and arrest of the plaintiff was an unlawful intrusion which violated plaintiff's Fourth Amendment Right to be free from

unlawful governmental intrusion.

24. In this case, Defendant DeKiel 's conduct of swerving and attempting to run the plaintiff off the road was an effort to force plaintiff to pull his car over. Defendant DeKiel used this approach so that he could effectuate a perpetual arrest and unlawful search Plaintiff's vehicle.

25. In addition thereto, the defendants did not have have probable cause to belief that "exigent circumstances" exist that would permit such an invasion to plaintiff's rights to be free from governmental intrusion in his person, place or papers as guaranteed by the United States Constitution and the Civil Rights Act of 1964.

26. At all times relevant to the defendants' unlawful stop of plaintiff, unlawful detention of the plaintiff and false arrest of plaintiff the defendants were acting as police officers of the Cicero Police Department and they were acting under "color of law" and within the scope of their employment.

WHEREFORE, plaintiff prays that judgment is entered against the defendants and that plaintiff receives $10.000.00 in compensatory damages and because the defendants acted willfully maliciously and/or wantonly that the sum of $100.000,00 is awarded in punitive damage

### COUNT TWO

( Title 42 USC 1983-Excessive Force )

27 Plaintiff states an re-alleges all of the allegations set forth in paragraphs 8-26 as if fully set forth herein.

28. On March 16, 2006, plaintiff was arrested by Defendant DeKiel. At the time

of the arrest, Defendant DeKiel pulled his gun on plaintiff, hand cupped and beat plaintiff about the head, neck and body with an object.

29  At the time of the beating and arrest, Defendant DeKiel was acting within the scope of his employment as a Cicero Police Officer and he was acting under "color of law". As a result of the beating plaintiff suffered bruise, abrasions, muscular pains and soft tissue injuries to his limbs and back.

30. Defendant DeKiel's use of excessive force was not necessary because plaintiff was cooperative. Moreover plaintiff did not try to escape or run away at the time of the unlawful detention The conduct of Defendant DeKiel occurred while the defendant was acting in the scope of his employment as a Cicero Police Officer and acting under "color of law"

## COUNT THREE

### ( Title 42 USC Sec. 1985 (3)  Conspiracy)

31. Plaintiff states and re-alleges all of the allegations set forth in paragraphs 8-30 as if fully set forth herein

32. The defendants in this case agreed and conspired to unlawfully arrest, detained and charged plaintiff with the felony offense of Unlawful use of a Weapon and Reckless Driving. In addition thereto, the defendant further agreed to continue the conspiracy by preparing and filing false police and arrest reports, testifying in court under oath and by agreeing to false statement about the circumstances surrounding the seizure of the weapon and arrest.

33. In this case, Defendant Pineda memorialized the statement of "Mr. DeKeil"

wherein it was stated that Plaintiff attempted to run Defendant DeKiel off the highway on Laramie Avenue in Cicero, Illinois. Defendant Pineda also included in that statement that he observed the handle of the weapon perturbing from the paper bag and that the weapon was loaded. The weapon recovered in this case was unload and the ammunition was contained in a box located in the trunk of the car. In order to recover the ammunition, the defendants conducted an unlawful search of plaintiff's car. Plaintiff did not consent to the search of the interior of the car or the trunk of the car.

34. Plaintiff gave a statement indicating that the gun was not loaded and that the ammunition was in a separate container than the weapon. In essence, the defendants agreed and conspired to show that probable cause existed for the warrantless arrest and unlawful detention and arrest. At all times during the commission of the conspiracy, the defendants were acting within the scope of their employment as Cicero Police Officers and they were acting under "color of law"

34. It was the purpose of the defendants to agree and conspire to interfere with the plaintiff's liberty, freedom to be free from unlawfully governmental intrusion to be protected under the Fourth and Fourteenth Amended of the Untied States Constitution.

**WHEREFORE**, Plaintiff prays that judgment in excess of $50,000.00 is entered about the defendants .

*Gwendolyn Dale Anderson*
Gwendolyn Dale Anderson, Esq.
Plaintiff's Attorney

Prepared by:

Gwendolyn Dale Anderson
Attorney for Plaintiff
6727 South Euclid Avenue
Chicago, Illinois 60649
773-373-520-5506
773-373-8161 Fax