# IN THE UNITED STATES DISTRICT COURT
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Juan R. Williams,             ) | | |
|     Plaintiff,         ) | | |
|                               ) | | |
| v.                            ) | | |
|                               ) | No. 08 C 1530 | |
| City of Cicero, a municipality, Detective ) | | |
| Joseph DeKiel, Star No. Unknown, ) | Judge Kendall | |
| Detective FNU Pineda, Star No. 496, ) | | |
| Detective FNU Contreras, Star No. 472, and ) | Mag. Judge Brown | |
| Detective FNU Kozlowski, Star No. 510 ) | | |
| Jointly and Individually,     ) | | |
|     Defendants.        ) | | |

## TOWN OF CICERO'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, THE TOWN OF CICERO (the "Town"), by its attorney, K. Austin Zimmer, of DEL GALDO LAW GROUP, LLC, in answer to the Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title 28 USC Secs 1331, 1343(a)(3) and 1343(a)(4) and Title 43 USC Sec 1983 (The Civil Rights Act) and unlawful governmental intrusion other related statutory law and the Constitution of the United States of America.

**Answer:** **The Town admits that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, but denies any wrongdoing.**

2. Venue is proper in the District Court pursuant to Title 28 USC Sec. 1391.

**Answer:** **The Town admits venue is proper.**

## PARTIES

3.     Plaintiff Juan R. Williams is a male African American age thirty (30) years old who resides at 1829 South Kildare Avenue in Chicago, Cook County, Illinois and he is a resident of the State of Illinois and a citizen of the United States of America. Plaintiff attended two years at the College of DuPage and he is a carpenter by trade. Plaintiff is an apprentice in the construction trade and a member of Chicago Regional Council of Carpenters.

**Answer:     The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 3 of the Complaint.  The Town denies all allegations not specifically admitted.**

4.     Defendant City of Cicero, Illinois is a Municipality in the State of Illinois, and at all times relevant to the cause of action was acting under "color of law."

**Answer:     The Town denies that it is the "City of Cicero."  However, the Town admits that it is a municipality in the State of Illinois.  The Town denies it was acting under the "color of law" because the Town is not an actor.**

5.     Detective Joseph DeKiel, Star No. Unknown is a white male, employed by the City of Cicero at the time of this cause of action as a Cicero Police Officer in the position as a detective. Defendant DeKiel is a resident of the state of Illinois and a citizen of the United States of America. At all times relevant to the incidents described in this complaint, Detective DeKiel was employed as a police officer for the City of Cicero and he was acting under "color of law" and within the scope of his employment as a police officer.

**Answer:     The Town admits that DeKiel was its employee at the time of this cause of action.   The Town denies all allegations not specifically admitted.**

6. Detective FNU Contreras Star No. 472 is a Hispanic male, a resident of the State of Illinois and a citizen of the United States of America. At all time relevant to the incident complained of herein, Detective Contreras was a police officer for the City of Cicero and was acting under "color of law" and within the scope of his employment.

**Answer:     The Town admits that Contreras was its employee at the time of this cause of action.   The Town denies all allegations not specifically admitted.**

7. Detective FNU Kozlowski is a white male and a resident of the State of Illinois. He is a United States citizen and at all time relevant to the incident complained of herein, Detective Kozlowski was a police officer for the City of Cicero and was acting under "color of law" and within the scope of his employment.

**Answer:     The Town admits that Kozlowski was its employee at the time of this cause of action.   The Town denies all allegations not specifically admitted.**

## FACTUAL BACKGROUND

8. On March 16, 2006 at approximately 12:30 p.m. plaintiff stopped his car (a 2003 Pontiac vibe) at the 3100 block of Laramie Avenue in Cicero, Illinois where he was subsequently arrested by Defendant Joseph DeKiel.

**Answer:     The Town admits the allegations contained in paragraph 8 of the Complaint.**

9. Prior to the above, as plaintiff was driving near the Hawthorne Race Track, he became aware that Defendant DeKiel was chasing his car and attempting to run plaintiff off the road. Plaintiff attempted to move away from defendant's car, but the defendant continued to try and run plaintiff off the road.

**Answer:     The Town denies the allegations contained in paragraph 9 of the Complaint.**

10. At the 3100 block of Laramie in Cicero, Illinois, plaintiff pulled his car off the road and the Defendant DeKiel pulled his vehicle over, jumped out of his care and pulled a gun on plaintiff, hand cupped the plaintiff and arrested him.

**Answer:   The Town denies the allegations contained in paragraph 10 of the Complaint.**

11. Defendant DeKiel used excessive force when arresting the plaintiff. The defendant hit the plaintiff about the head, neck and boy. Subsequent to the arrest, Defendants Pineda and Contreras were dispatched as back up for the arrest. The defendants searched plaintiff's care without a search warrant or "probable cause." As a result of the unlawful search, a weapon was seized from a brown paper bag. The ammunition was recovered front the trunk of the car.

**Answer:   The Town denies the allegations contained in paragraph 11 of the Complaint.**

12. Plaintiff was transported to the Cicero Police Station by Defendant Kozlowski where he was charged with unlawful use of a weapon and reckless driving.

**Answer:   The Town admits Plaintiff was charged with criminal offenses.   The Town denies all allegations not specifically admitted.**

13. On March 17, 2006, plaintiff appeared in bond court at the Maybrook Court House in the Circuit Court of Cook County, Illinois where bail was set at $5,000.00. Plaintiff posted bond and was later released.

**Answer:   The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 13 of the Complaint.  The Town denies all allegations not specifically admitted.**

14. On March 21, 2006 a preliminary hearing was conducted and Defendant DeKiel testified at that hearing. Defendant DeKiel testified under oath that the plaintiff was swerving his vehicle in an attempt to run DeKiel's car off the road. Defendant

Case 1:08-cv-01530    Document 30    Filed 08/26/2008    Page 5 of 12

DeKiel also testified that he was present when he observed the handle of a weapon proturbing from a bag recovered by the Defendant Contreras and Defendant Pineda.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 14 of the Complaint. The Town denies all allegations not specifically admitted.**

15. At the conclusion of the preliminary hearing the court entered a finding of probable and the matter was continue April 14, 2006 for arraignment. On the foregoing date, the matter was assigned to the trial call of Judge Kemperman.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 15 of the Complaint. The Town denies all allegations not specifically admitted.**

16. At the time of the unlawful search of the vehicle and seizure of the weapon, the defendants destroyed plaintiff's gun registration card and then charged plaintiff with unlawful use of a weapon and reckless driving. Plaintiff had a gun registration card from DuPage County and he was allowed to possess a weapon.

**Answer:** **The Town denies the allegations contained in paragraph 16 of the Complaint.**

17. On the above date of the arraignment the matter was assigned to Judge Kempman after the plaintiff entered a motion of substitute of judge.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 17 of the Complaint. The Town denies all allegations not specifically admitted.**

18. On July 17, 2006, plaintiff filed a pre-trial motion to quash the arrest and suppress the evidence. In the interim period, Defendants Pineda and DeKiel were indicted in the Untied States District Court for the Northern District of Illinois for violating the civil rights of black citizens and conspiracy.

DeKiel also testified that he was present when he observed the handle of a weapon proturbing from a bag recovered by the Defendant Contreras and Defendant Pineda.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 14 of the Complaint. The Town denies all allegations not specifically admitted.**

15. At the conclusion of the preliminary hearing the court entered a finding of probable and the matter was continue April 14, 2006 for arraignment. On the foregoing date, the matter was assigned to the trial call of Judge Kemperman.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 15 of the Complaint. The Town denies all allegations not specifically admitted.**

16. At the time of the unlawful search of the vehicle and seizure of the weapon, the defendants destroyed plaintiff's gun registration card and then charged plaintiff with unlawful use of a weapon and reckless driving. Plaintiff had a gun registration card from DuPage County and he was allowed to possess a weapon.

**Answer:** **The Town denies the allegations contained in paragraph 16 of the Complaint.**

17. On the above date of the arraignment the matter was assigned to Judge Kempman after the plaintiff entered a motion of substitute of judge.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 17 of the Complaint. The Town denies all allegations not specifically admitted.**

18. On July 17, 2006, plaintiff filed a pre-trial motion to quash the arrest and suppress the evidence. In the interim period, Defendants Pineda and DeKiel were indicted in the Untied States District Court for the Northern District of Illinois for violating the civil rights of black citizens and conspiracy.

**Answer:** **The Town denies the specific allegations contained in paragraph 18 of the Complaint.**

19. As a result of the pending criminal charges against Defendant DeKiel the case against plaintiff was Nolle Prosequi by the State of Illinois.

**Answer:** **The Town lacks sufficient information to admit or deny the truth of the allegations contained in paragraph 19 of the Complaint. The Town denies all allegations not specifically admitted.**

## COUNT ONE

### (Title 42 USC Sec. 1983 – False Arrest)

20. On March 16, 2006, plaintiff was driving upon the public way at 3100 Laramie Avenue in Cicero, Illinois at approximately 12:30 p.m. when his car forced to stop by Defendant DeKiel.

**Answer:** **The Town admits that a lawful traffic stop of Plaintiff occurred on March 16, 2006.**

21. After the stop of his vehicle, plaintiff was beaten, handicapped and subsequently arrested by defendant DeKiel. Defendant FNU Pineda, FNU Contreras and Defendant FNU Kozlowski and transported to the Cicero Police Station.

**Answer:** **The Town denies the allegations contained in paragraph 21 of the Complaint.**

22. At the time of Plaintiff's arrest, Defendants DeKiel, Pined, Contreras and Kozlowski did not have probable cause to belief that plaintiff had committed a crime or that the plaintiff was about to committed a crime. The defendants did not have an arrest warrant for the plaintiff nor a search warrant to search plaintiff's car.

**Answer:** **The Town denies the allegations contained in paragraph 22 of the Complaint.**

6

23. The stop, subsequent detention and arrest of the plaintiff was an unlawful intrusion which violated plaintiff's Fourth Amendment Right to be free from unlawful governmental intrusion.

**Answer:** **The Town denies the allegations contained in paragraph 23 of the Complaint.**

24. In this case, Defendant DeKiel's conduct of swerving and attempting to run the plaintiff off the road was an effort to force plaintiff to pull his car over. Defendant DeKiel used this approach so that he could effectuate a perpetual arrest and unlawful search of Plaintiff's vehicle.

**Answer:** **The Town denies the allegations contained in paragraph 24 of the Complaint.**

25. In addition thereto, the defendants did not have have probable cause to belief that "exigent circumstances" exist that would permit such an invasion to plaintiff's rights to be free from governmental intrusion in his person, place or papers as guaranteed by the United States Constitution and the Civil Rights Act of 1964.

**Answer:** **The Town denies the allegations contained in paragraph 25 of the Complaint.**

26. At all times relevant to the defendants' unlawful stop to plaintiff, unlawful detention of the plaintiff and false arrest of plaintiff the defendants were acting as police officers of the Cicero Police Department and they were acting under "color of law" and within the scope of their employment.

**Answer:** **The Town denies the allegations contained in paragraph 26 of the Complaint.**

## COUNT TWO

### (Title 42 USC 1983 – Excessive Force)

27. Plaintiff states an re-alleges all of the allegations set forth in paragraphs 8-26 as fully set forth herein.

**Answer:** **The Town re-alleges and incorporates by reference its answers to paragraphs 8 through 27 of the Complaint as though set forth in this paragraph 27 of its Answer to the Complaint in their entirety.**

28. On March 16, 2006, plaintiff was arrested by Defendant DeKiel. At the time of the arrest, Defendant DeKiel pulled his gun on plaintiff, hand cupped and beat plaintiff about the head, neck and body with an object.

**Answer:** **The Town denies the allegations contained in paragraph 28 of the Complaint.**

29. At the time of the beating and arrest, Defendant DeKiel was acting within the scope of his employment as a Cicero Police Officer and he was acting under "color of law." As a result of the beating, plaintiff suffered bruise, abrasion, muscular pains and soft tissue injuries to his limbs and back.

**Answer:** **The Town denies the allegations contained in paragraph 29 of the Complaint.**

30. Defendant DeKiel's use of excessive force was not necessary because plaintiff was cooperative. Moreover, plaintiff did not try to escape or run away at the time of the unlawful detention. The conduct of Defendant DeKiel occurred when the defendant was acting in the scope of his employment as a Cicero Police Officer and acting under "color of law."

**Answer:** **The Town denies that DeKiel used excessive force against plaintiff. Therefore, all allegations contained in paragraph 30 of the Complaint are denied.**

## COUNT THREE

### (Title 42 USC Sec. 1985 (3) Conspiracy)

31. Plaintiff states and re-alleges all of the allegations set forth in paragraphs 8-30 as fully set forth herein.

**Answer:     The Town re-alleges and incorporates by reference its answers to paragraphs 8 through 31 of the Complaint as though set forth in this paragraph 31 of its Answer to the Complaint in their entirety.**

32. The defendants in this case agreed and conspired to unlawfully arrest, detained and charged plaintiff with the felony offense of Unlawful use of a Weapon and Reckless Driving. In addition thereto, the defendant further agreed to continue the conspiracy by preparing and filing false police and arrest reports, testifying in court under oath and by agreeing to false statement about the circumstances surrounding the seizure of the weapon and arrest.

**Answer:     The Town denies the allegations contained in paragraph 32 of the Complaint.**

33. In this case, Defendant Pineda memorialized the statement of "Mr. DeKiel" wherein it was stated that Plaintiff attempted to run Defendant DeKiel off the highway on Laramie Avenue in Cicero, Illinois. Defendant Pineda also included in that statement that he observed the handle of the weapon perturbing from the paper bag and that the weapon was loaded. The weapon recovered in this case was unload and the ammunition was contained in a box located in the trunk of the car. In order to recover the ammunition, the defendants conducted an unlawful search of plaintiff's car. Plaintiff did not consent to the search of the interior of the car or the trunk of the car.

**Answer:     The Town cannot admit or deny this allegation because it is vague and unclear.**

34.     Plaintiff gave a statement indicating that the gun was not loaded and that the ammunition was in a separate container than the weapon. In essence, the defendants agreed and conspired to show that probable cause existed for the warrantless arrest and unlawful detention and arrest. At all times during the commission of the conspiracy, the defendants were acting within the scope of their employment as Cicero Police Officers and they were acting under "color of law."

**Answer:      The Town denies the allegations contained in paragraph 34 of the Complaint.**

34.     It was the purpose of the defendants to agree and conspire to interfere with the plaintiff's liberty freedom to be free from unlawfully governmental intrusion to be protected under the Fourth and Fourteenth Amended of the United States Constitution.

**Answer:      The Town denies the allegations contained in paragraph 34 of the Complaint.**

WHEREFORE, the Town requests that Plaintiff's Complaint be dismissed in its entirety.

## **AFFIRMATIVE DEFENSES OF THE TOWN OF CICERO**

As for its affirmative defenses, The Town of Cicero states:

1. Under the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), defendant Town of Cicero (a local public entity) is not liable if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109. Accordingly, Plaintiff's state law claims against The Town of Cicero are barred in whole or in part by the Tort Immunity Act.

2. Under the Tort Immunity Act, defendant Town of Cicero (a local public entity) is not liable because a public employee is not liable for any injury caused by the act or omission of anther person. 745 ILCS 10/2-204. Accordingly, Plaintiff's state law claims against The Town of Cicero are barred in whole or in part by the Tort Immunity Act.

3. Under the Tort Immunity Act, defendant Town of Cicero (a local public entity) is not liable because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202  Accordingly, Plaintiff's state law claims against The Town of Cicero are barred in whole or in part by the Tort Immunity Act.

4. Under the Tort Immunity Act, Defendant Town of Cicero (a local public entity) is not liable because the individual defendants exercised discretion on a non-ministerial matter and are not liable for any resulting injuries. 745 ILCS 10/2-201. Accordingly, Plaintiff's state law claims against The Town of Cicero are barred in whole or in part by the Tort Immunity Act.

5. Probable cause existed for the arrest of Plaintiff. Accordingly, Plaintiff's claims against the Town of Cicero are barred in whole or in part.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

        Respectfully submitted,

        Del Galdo Law Group, LLC

        */s/ K. Austin Zimmer*_____
        K. Austin Zimmer, Esq.,

K. Austin Zimmer
DEL GALDO LAW GROUP, LLC
Attorney No.  6276227
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
Tel. (708) 531-8800

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Juan R. Williams,<br>    Plaintiff,<br><br>v.<br><br>City of Cicero, a municipality, Detective<br>Joseph DeKiel, Star No. Unknown,<br>Detective FNU Pineda, Star No. 496,<br>Detective FNU Contreras, Star No. 472, and<br>Detective FNU Kozlowski, Star No. 510<br>Jointly and Individually,<br>    Defendants. | No. 08 C 1530<br><br>Judge Kendall<br><br>Mag. Judge Brown |

### NOTICE OF FILING

TO:    Gwendolyn Dale Anderson    Stephen R. Miller
        6727 South Euclid Avenue    Myers Miller & Krauskopf, LLC
        Chicago, Il 60649    30 North LaSalle St., Ste. 2200
        (773) 520-5506    Chicago, Il 60602
        attygwenanderson@sbcglobal.net    (312) 345-7250
            SMiller@mmktrial.com

    PLEASE TAKE NOTICE that on August 26, 2008, the Town of Cicero filed with the Clerk of the United States District Court, Eastern Division, **THE TOWN OF CICERO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT.**

                      <u>s/ K. Austin Zimmer</u>
                      K. Austin Zimmer

K. Austin Zimmer, Esq. #6276227
DEL GALDO LAW GROUP, LLC
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
Tel. (708) 531-8800



## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, that he caused a copy of the foregoing Notice to be filed and served through the Court's CM/ECF Electronic Filing System and associated e-mail system upon all counsel of record on August 26, 2008.

                                                       *s/ K. Austin Zimmer*
                                                     K. Austin Zimmer, Esq.